UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

─────────────────────────────

In re:                                              Chapter 7

Robert Cameron Howard and Jennifer Williams         Case No.: 09-22557-rdd
Howard,
                    Debtors.

─────────────────────────────

S&T Bank,

                    Plaintiff,                       A.P. No. 09-08269

            -vs.-

Robert Cameron Howard,
Jennifer Williams Howard, and
Drake Smith Associates, LLC,

                    Defendants.

─────────────────────────────


─────────────────────────────────────────────────────────

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT
JENNIFER WILLIAMS HOWARD'S MOTION TO DISMISS PURSUANT TO
FED.R.CIV.P. 12(b)(6) AS INCORPORATED BY BANKRUPTCY RULE 7012**
─────────────────────────────────────────────────────────

PHILLIPS LYTLE LLP
    Angela Z. Miller (AM4473)
    Allan L. Hill (AH5470)
437 Madison Avenue, 34th Fl.
New York, New York  10022
Telephone:  (212) 759-4888

 and
3400 HSBC Center
Buffalo, New York  14203
Telephone:  (716) 847-8400
Fax:  (716) 852-6100

Attorneys for S&T Bank

## PRELIMINARY STATEMENT

Plaintiff S&T Bank ("Bank" or "Plaintiff") submits this Memorandum of Law in opposition to the Defendant, Jennifer Williams Howard's ("Movant"), motion to dismiss the Bank's complaint pursuant to Fed.R.Civ.P. 12(b)(6) as incorporated by Bankruptcy Rule 7012 (the "Motion"). As illustrated in further detail below, the Bank's complaint in this adversary proceeding specifically alleges that the Movant was aware and/or recklessly indifferent to specific acts of affirmative fraud and misrepresentation which induced the Bank to loan substantial sums of money to the Movant, her husband Robert Cameron Howard ("Robert Howard") and an LLC in which they are members, Drake Smith Associates LLC ("Drake Smith"), and further recites specific details concerning such acts of affirmative fraud and misrepresentation and clearly sets forth sufficient grounds for exception from discharge under 11 U.S.C. §523(a)(2)(A) and 11 U.S.C. §523(a)(6). Accordingly, the Bank's Complaint sets forth validly plead causes of action under 11 U.S.C. §523(a)(2)(A) and 11 U.S.C. §523(a)(6), and the Motion must therefore be denied.

## STATEMENT OF FACTS

The salient facts are more fully set forth in the Bank's Complaint dated August 3, 2009 and the Exhibits annexed thereto (Docket No. 1) (the "Complaint"), and are incorporated herein by reference. For the Court's convenience, a brief recitation of the facts most pertinent to this Motion is summarized as follows.

In December, 2006, the Bank and Defendants Robert Howard and the Movant (collectively the "Howard Defendants") entered into a construction loan agreement with the Bank for the purpose of financing the construction of certain residential real property in Rye, New York. Shortly thereafter, in January, 2007, the Bank and Defendant Drake Smith (an entity

in which the Howard Defendants own 40% of the membership interest and of which Robert Howard was the Managing Member) entered into a construction loan agreement for the purpose of financing the construction of a second residential real property, also located in Rye, New York.   The Howard Defendants were also guarantors of the construction loan agreement between the Bank and Drake Smith.

Under both of the construction loan agreements, periodic advances were to be made to the Howard Defendants and Drake Smith upon their request and the progress of the respective construction projects, which construction progress was required to be certified by the architect working on each respective project.   Beginning in January, 2007 and continuing through September, 2008, Robert Howard submitted a total of eighteen (18) advance requests to the Bank (nine for each of the respective projects).   Each of the advance requests contained supporting documentation including certifications concerning the purported progress of the work on each of the respective projects; each certification contained forged architects' signatures.   In reality, the construction work referenced in the advance requests had not been completed, and in fact no significant construction work was completed on either of the respective projects.   Relying upon the bogus advance requests and the material misrepresentations contained in each of the advance requests, the Bank disbursed into the Howard Defendants' joint bank account, the Drake Smith account, and another account specifically designated by Robert Howard the funds requested in each of the advance requests. The total advance between the two projects was approximately $3,258,421.40.   In response to the Bank's motion for default judgment in this adversary proceeding as against Robert Howard and Drake Smith, Robert Howard has filed a limited objection dated October 16, 2009 (Docket No. 11) in which Robert Howard specifically admits that he "does not object to the entry of a judgment of liability only against Defendant for the non-

dischargeability of the debt owed to Plaintiff".   See Limited Objection of Robert Howard to the

Motion of S&T Bank for Default Judgment (Docket No. 11, at p. 1).   Robert Howard's express

consent to the entry of a judgment against him as to non-dischargeability of the debt owed to the

Bank is tantamount to an admission of the fraudulent scheme comprised of the foregoing

misrepresentations to the Bank.   Movant is alleged to have knowledge of, or to have been

recklessly indifferent to, the fraudulent scheme comprised of Robert Howard's material

misrepresentations made to the Bank which resulted in the disbursement of over $3,258,000.00

into her bank account and/or the Drake Smith account for her benefit.

## ARGUMENT

## POINT I

### THE APPLICABLE STANDARD TO BE APPLIED BY THE COURT IN DETERMINING A RULE 12(b)(6) MOTION TO DISMISS IS WHETHER THE COMPLAINT STATES A PLAUSIBLE CLAIM ON ITS FACE

In considering the Movant's Motion, the Court must examine the Complaint in order to

determine whether the pleading requirements of Federal Rule of Civil Procedure 8 have been

met.  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief", to provide "fair notice" to the defendant of

the claim and "the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99

(1957); Bell Atlantic v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007).   As recently

noted by the Second Circuit, the short and plain statement of the claim, as required to satisfy the

pleading requirements of Fed. R. Civ.P. 8(a)(2), must simply give the defendant fair notice of

what the plaintiff's claim is and the grounds upon which it rests.   Kassner v.2nd Avenue

Delicatessen Inc., 496 F.3d 229 (2d Cir. 2007).  While a complaint attacked by a Rule 12(b)(6)

motion to dismiss does not need detailed factual allegations, the factual allegations in the

complaint "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)". Bell Atlantic, 550 U.S. at 555, 127 S.Ct. 1964-65 (citations omitted).

A rule 12(b)(6) motion is addressed to the face of the pleading. The pleading is deemed to include any document attached to it as an Exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference. Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985).

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court is to accept as true all facts alleged in the complaint. Kassner v. 2nd Avenue Delicatessen Inc., 496 F.3d 229 (2d Cir. 2007); see also Bloor v. Carro, Spanbock, Londing, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985) (In considering a rule 12(b)(6) motion to dismiss, the Court must accept as true all of the well pleaded facts alleged in the Complaint). Furthermore, the court is to draw all reasonable inferences in favor of the plaintiff. Kassner, 496 F.3d at 237.

Even subsequent to the Supreme Court's recent decision in Bell Atlantic, the Second Circuit has reiterated Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185 (2d Cir. 2008). The relevant inquiry to be made by the Court is whether the plaintiff has plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic, supra, 127 S.Ct. at 1974. A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 173 L.Ed.2d 868, (2009), citing Bell Atlantic, 550 U.S. at 556,

127 S.Ct. at 1965. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1950 (2009).

The determination to be made by the Court on this Motion must therefore be whether the Bank has plead sufficient facts in its Complaint to state a plausible claim under either 11 U.S.C. §523(a)(2)(A) or 11 U.S.C. §523 (a)(6). Or put another way, has the Bank in its Complaint plead sufficient factual content that allows the Court to reasonably infer that the Movant is liable for the misconduct alleged? The answer, as illustrated below, is affirmative in both instances, and the Movant's Motion must therefore be denied in its entirety.

## POINT II

### THE BANK'S FIRST AND THIRD CAUSES OF ACTION STATE PLAUSIBLE CLAIMS UNDER 11 U.S.C. §523(a)(2) AND ARE THEREFORE PROPERLY PLEAD

The Movant first unsuccessfully argues that the Complaint fails to state a cause of action as against Movant under 11 U.S.C. §523(a)(2)(A), asserting that the Complaint fails to properly plead a cause of action sounding in fraud. See Movant's Memorandum of Law, at Point I (Docket No. 8). However, the Movant's argument completely ignores the fact that under 11 U.S.C. §523(a)(2), a debtor may be excepted from discharge where it is established (or, for the purposes of this Motion, it is alleged) that the debtor obtained money, property, services, or credit by false pretenses, false representation, or actual fraud. Movant completely ignores the grounds of false pretenses and false representation; such omission is fatal to the Movant's argument. Moreover, under section 523(a)(2)(A), which codifies common law fraud, fraud includes not only express misrepresentations, but also intentional nondisclosure or concealment;

silence or concealment of a material fact can create a false impression that is actionable under 11 U.S.C. §523(a)(2)(A). See, In re Howarter, 114 B.R. 682, 684-85 (Bankr. 9th Cir. 1990).

Movant contends the Complaint fails to state a cause of action for fraud against Movant because the affirmatively fraudulent misrepresentations were made by Movant's husband, Robert Howard. Movant argues that since she did not submit the fraudulent advance requests to the Bank, her debt to the Bank cannot be excepted from discharge under 11 U.S.C. §523(a)(2)(A). Movant's argument is, as illustrated below, incorrect under both the law and the facts of this case.

In support of her argument that the Complaint fails to sufficiently plead a cause of action sounding in actual fraud as against Movant, Movant cites a litany of New York State and Federal District Court cases concerning the elements of fraud under New York law. However, none of the cases cited by Movant concern the determination of non-dischargeability within the context of 11 U.S.C. §523(a)(2)(A). As such the authority cited by Movant is inapplicable and of no guidance to the Court in determining the Motion.

11 U.S.C. §523(a)(2)(A) provides in pertinent part as follows:

§523. Exceptions to discharge

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt -
* * *
(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by -

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

11 U.S.C. §523(a)(2).

The five elements required to prove a cause of action under 11 U.S.C. §523(a)(2)(A) are as follows:

1. The debtor made a false representation or pretense;
2. The misrepresentation was known by the debtor to be false;
3. The debtor intended to deceive the plaintiff;
4. The creditor reasonably relied upon the debtor's representation; and
5. The creditor sustained a loss as a proximate result of the debtor's misrepresentation.

Matter of Weinstein, 31 B.R. 804 (Bankr. E.D.N.Y. 1983).  Here, the Bank has alleged each of the required five elements of a cause of action under 11 U.S.C. §523(a)(2)(A).  Although the underlying misrepresentations were made by Robert Howard to the Bank in the first instance, that is no defense to the Movant, because the Bank has alleged that she knew, or had reason to know, of such misrepresentations, and thus had an affirmative duty to disclose such misrepresentations to the Bank, the failure of which is actionable under 11 U.S.C. §523(a)(2)(A).

Contrary to the Movant's argument that she cannot be held liable under 11 U.S.C. §523(a)(2)(A) by virtue of the false pretenses, false representations, and/or actual fraud perpetrated by her husband, the applicable cases interpreting 11 U.S.C. §523(a)(2)(A) make it clear that the Movant's alleged knowledge of her husband's false pretenses, false representations, and/or actual fraud, coupled with her nondisclosure, establish a *prima facie* claim to non-dischargeability under 11 U.S.C. §523(a)(2)(A).  Consequently, the Bank's first and third causes of action are validly plead, and the Motion must be denied on such grounds.

***A.  The Factual Allegations Set Forth Concerning the First and Third Causes of Action in the Complaint Sufficiently Allege Conduct on the Part of Movant That Falls under the Category of "False Pretenses" Within the Meaning of 11 U.S.C. §523(a)(2)***

The factual allegations set forth in the Complaint relative to the first and third causes of action allege a plausible claim by the Bank against Movant that she obtained money from the Bank by false pretenses.  A failure to disclose, such as the alleged failure by the Movant to disclose the misrepresentations made by Robert Howard to the Bank, suffices to establish non-dischargeability under section 523(a)(2)(A):

> False pretenses do not necessarily require overt misrepresentations. Instead, omissions or a failure to disclose on the part of the debtor can constitute misrepresentations where the circumstances are such that omissions or failure to disclose create a false impression which is known by the debtor.

In re Arlingon, 192 B.R. 494 (Bankr. N.D.Ill. 1996), citing In re: Bozzano, 173 B.R. 990 (Bankr. M.D.N.C. 1994).

As this Court observed in Matter of Milbank, 1 B.R. 150 (Bankr. S.D.N.Y. 1979), false pretenses exist not only where the debtor has deliberately made a misrepresentation, but also where the debtor has concealed false representations:

> It is not essential that the bankrupt's pretenses be expressed in words.  A deliberately created falsehood is the same as a spoken falsehood. It is hornbook law that the concealment of a material fact may be the equivalent of a false representation and be sufficient upon which to predicate a charge of fraud. Similarly, if the concealment of a fact, which if known, would have influenced a party to refrain from acting, or causing injury, has been held sufficient to constitute fraud.

Milbank, 1 B.R. at 154 (citations omitted).  Nondisclosure creating a false impression is the very essence of a "false pretenses" claim.  In re Schmidt, 70 B.R. 634, 640 (Bankr. N.D. Ind. 1986) (false pretenses means "implied misrepresentation or conduct intended to create or foster a false impression").

In the present case, the Bank has alleged that Movant either knew, should have known, or was recklessly indifferent to the false representations made by her husband to the Bank in order to induce the Bank to advance over $3,250,000.00 to the Howard Defendants and Drake Smith. Robert Howard affirmatively indicated to this Court he has no objection to entry of a judgment of liability only for the non-dischargeability of the debt owed to the Bank, thereby essentially admitting to the alleged fraudulent scheme consisting of such false representations. See Limited Objection of Robert Howard to the Motion of S&T Bank for Default Judgment (Docket No. 11, at p. 1). Movant signed the loan documents annexed to the Complaint that provide in pertinent part that advances will only be made to the extent there is construction progress on each of the projects. One of the projects was 1.27 miles from the Movant's house and the other project was 1.41 miles from the Movant's house and one project was intended to be her residence. Movant either knew, or had reason to know, that no progress had been made on either one of the projects notwithstanding the fact that over $3,250,000.00 had been deposited into her personal bank account and/or Drake Smith's bank account by the Bank with respect to the loans. Despite such knowledge, Movant did not disclose to the Bank that the representations made by her husband were false. Accordingly, the Bank has sufficiently plead a cause of action for "false pretenses" under 11 U.S.C. §523(a)(2)(A) based upon the Movant's alleged knowledge and nondisclosure. Milbank, supra; Schmidt, supra.

**B. The Factual Allegations Set Forth Concerning the First and Third Causes of Action in the Complaint Sufficiently Allege Conduct on the Part of Movant That Falls under the Category of "False Representation" Within the Meaning of 11 U.S.C. §523(a)(2)**

Applicable precedent interpreting 11 U.S.C. §523(a)(2)(A) establishes that it is not required that a debtor be guilty (or, in the case of the present Motion, allegedly guilty) of affirmative misrepresentations in order to be liable under section 523(a)(2)(A). To the contrary,

a deliberate nondisclosure of a material fact is just as culpable as an intentional false affirmation.

In re Piccolomoni, 87 B.R. 385 (Bankr. W.D.Pa. 1988). A debtor's alleged failure to disclose material information to the plaintiff qualifies, for the purposes of section 523(a)(2)(A), as a misrepresentation. "It is generally accepted that '[u]nder appropriate circumstances, the failure to disclose information may be characterized as a misrepresentation' within the meaning of Code Section 523(a)(2)(A)." In re Gans, 75 B.R. 474 (Bankr. S.D.N.Y. 1987), citing In re Hunt, 30 B.R. 425 at 439 (Bankr. M.D. Tenn. 1983); see also In re Self, 51 B.R. 686, 690 (debtor's concealment may amount to misrepresentation); In re Kramer, 38 B.R. 80, 82 (Bankr. W.D.La. 1984) (a misrepresentation "may be implied" by the debtor's conduct or silence); Matter of Weinstein, 31 B.R. 804, 809 (Bankr. E.D.N.Y. 1983) (it is "well recognized that silence, or the concealment of a material fact, can be the basis of a false impression which creates a misrepresentation"); Matter of Hutchinson, 27 B.R. 247, 250 (Bankr. E.D.N.Y. 1983) (a misrepresentation need not be overt); Bonosky v. Allen, 25 B.R. 566, 570 (Bankr. S.D.Ohio 1982) (nondisclosure may constitute misrepresentation; In re Satterfield, 25 B.R. 554, 557; Milbank, supra, 1 B.R. at 154 (a "deliberately created falsehood is the same as a spoken falsehood").

The establishment of the element of misrepresentation need not be overt, but may be implied. Hutchinson, supra, 27 B.R. 247. Thus, to establish non-dischargeability of a debt based upon false representations, it is not essential that a debtor's pretenses be expressed in words, inasmuch as a deliberately created falsehood is the same as a spoken falsehood. Milbank, supra, 1 B.R. at 154. "It is hornbook law that concealment of a material fact may be the equivalent of a false representation and be sufficient upon which to predicate a charge of fraud. Similarly, the concealment of a fact, which if known, would have influenced a party to refrain from acting, or

causing injury, has been held sufficient to constitute fraud." Id. In addition, the applicable case law has additionally gone so far as to extend an affirmative duty to a party in a business transaction to disclose all the facts the concealment of which would mislead the other side." Weinstein, 31 B.R. at 810.

Similar to the basis for the Bank's "false pretenses" claims against the Movant under 11 U.S.C. §523(a)(2)(A), the allegations set forth in the Complaint also plausibly set forth "false representation" claims against the Movant. Robert Howard has voluntarily consented to entry of a judgment of liability only for the non-dischargeability of the debt owed to the Bank, and in so doing has in essence admitted to the alleged fraudulent scheme consisting of such false representations. See Limited Objection of Robert Howard to the Motion of S&T Bank for Default Judgment (Docket No. 11, at p. 1). As detailed in the Complaint, Movant either knew, should have known, or was recklessly indifferent to the false representations made by her husband to the Bank in order to induce the Bank to disburse over $3,250,000.00 in loan proceeds to her bank account and/or Drake Smith's bank account, yet Movant did not disclose to the Bank that the representations made by her husband were false. Accordingly, the Bank has sufficiently plead a cause of action for "false representation" under 11 U.S.C. §523(a)(2)(A) based upon the Movant's alleged nondisclosure. Milbank, supra. As a party to these loan transactions, Movant had a duty to disclose all of the facts, the concealment of which would (and, in this case, did) mislead the Bank. Weinstein, supra.

***C.  The Factual Allegations Set Forth Concerning the First and Third Causes of Action in the Complaint Sufficiently Allege Conduct on the Part of Movant That Falls under the Category of "Actual Fraud" Within the Meaning of 11 U.S.C. §523(a)(2)***

Finally, the element of actual fraud may be established, where, as here, the Movant's silence and/or concealment of material facts created a false impression that is actionable under

11 U.S.C. §523(a)(2)(A).  11 U.S.C. §523(a)(2) codifies common law fraud.  In re Howarter, 114 B.R. 682, 684-85 (Bankr. 9th Cir. 1990).   Common law fraud includes not only express misrepresentations, but also intentional nondisclosure or concealment.   See 37 Am.Jur.2d Fraud and Deceit §144 (1968).  Several bankruptcy court decisions have thus recognized this form of fraud as a valid basis for objection to discharge under 11 U.S.C. §523(a)(2)(A).  Weinstein, supra; see also In re Malcolm, 145 B.R. 259 (Bankr. N.D. Ill. 1992).

As noted previously, Robert Howard has expressly consented to entry of a judgment of liability only for the non-dischargeability of the debt owed to the Bank, which is tantamount to an admission of the alleged fraudulent scheme consisting of the false representations set forth in the Complaint. See Limited Objection of Robert Howard to the Motion of S&T Bank for Default Judgment (Docket No. 11, at p. 1).   The Bank has alleged that Movant knew, but did not disclose, that her husband made false representations to the Bank in order to induce the Bank to disburse over $3,250,000.00 into her bank account and/or the Drake Smith account.   The Movant's alleged failure to disclose such facts to the Bank is thus actionable under 11 U.S.C. §523(a)(2)(A) as "actual fraud".  Weinstein, supra; Malcolm, supra.  The Bank has therefore plausibly set forth valid causes of action for "actual fraud" under 11 U.S.C. §523(a)(2)(A) as against Movant.

Cases like the one before the Court here, where one spouse is alleged to have participated in the fraud perpetrated by their spouse by the use of false representations and/or false pretenses to a creditor, are not uncommon.  For example, in In re Demarest, 176 B.R. 917 (Bankr. W.D. Washington 1995), the debtor-wife was excepted from discharge under 11 U.S.C. §523(a)(2)(A) in a case in which, although her husband had been the one that directly communicated with the

creditor, the Court found that debtor-wife had failed to disclose the misrepresentations involved and/or failed to ensure that her husband disclosed such misrepresentations.

In <u>Demarest,</u> the debtors had entered into a purchase and sale agreement for the sale of their home to Charlaine and Richard Boyce. The agreement required the debtors to convey clear title to the property. Although their title was encumbered by a deed of trust in favor of Meridian Mortgage ("Meridian"), the Boyces' title insurance company, Rainier Title Company ("Rainier") overlooked Meridian's interest when researching the title. Consequently, Meridian was not paid out of closing. Debtor Stephen Demarest, an attorney, became aware of the error when re reviewed the closing documents, and debtor Deborah Demarest became aware of the error when she picked up their check, which she noticed was approximately $65,000.00 too high. Mr. Demarest subsequently called the escrow agent in the presence of Mrs. Demarest and left a message requesting verification of the amount; the agent later returned the call and confirmed the amount was correct. Mr. Demarest then assumed that either Meridian's deed of trust had been improperly recorded or that Rainier had overlooked it when researching title. The debtors therefore retained the extra $65,000.00 that should have gone to Meridian and used it initially for the downpayment on another property they were buying. Later, after Meridian discovered that the debtors had failed to maintain homeowner's insurance on the property (which they had sold to the Boyces), Meridian obtained a lender's policy and began allocating a portion of the monthly payments from the debtors (which they were still making); the debtors balked and stopped making payments to Meridian. Meridian subsequently commenced foreclosure proceedings. The Boyces' title insurance company paid Meridian to halt the foreclosure, took an assignment of the Demarest note and deed of trust, and sued the Debtors in state court.

The debtors subsequently filed a chapter 7 petition, and Rainier filed an adversary proceeding alleging the debt was non-dischargeable pursuant to 11 U.S.C. §523(a)(2). The Court ultimately ruled in favor of Rainier, holding that the debt was nondischargeable as a matter of law under 11 U.S.C. §523(a)(2) and 11 U.S.C. §523(a)(6) (which had been added via an intervening amended complaint filed by Rainier), and the debtors moved for reconsideration.

On reconsideration, the court noted that Mr. Demarest, an attorney experienced in real estate matters, knew that Rainier was undertaking to ensure a defective title, and that in so doing it was relying upon incorrect information. The court then concluded that Mr. Demarest's phone call to the escrow agent did not discharge the debtors' duty to disclose the error to Rainier, and held his debt was nondischargeable under 11 U.S.C. §523(a)(2)(A). With respect to Mrs. Demarest, who had had no direct contact with either Rainier or the escrow agent, the Court similarly found that her debt was also nondischargeable under 11 U.S.C. §523(a)(2)(A):

> The undisputed facts are that Mrs. Demarest signed the closing documents, including the statutory warranty deed, and that she knew of the existence of the Meridian deed of trust. She noticed the mistake when she saw the check. She was present when her husband called the escrow company and when the agent returned the call, verifying that there had been no error on its part. Being aware of the mistake, **Mrs. Demarest had an independent duty to disclose it or ensure that her husband did**. Instead, she endorsed the check and allowed the funds to be used as a downpayment for the bed and breakfast which was placed in her name. In short, **Mrs. Demarest participated in the concealment which resulted in a direct benefit to her.**

Demarest, 176 B.R. at 923 (emphasis added).

In this case, Movant, (the debtor-wife, just like the debtor-wife in Demarest) is alleged to have had knowledge of the material misrepresentations contained in the various loan advance requests made by the debtor-husband (Robert Howard). Like the debtor-wife in Demarest, the Bank has alleged that Movant failed to disclose such misrepresentations to the Bank. The most

significant difference between the facts here and those in <u>Demarest</u> is that the amount of money obtained by the use of such false pretenses, false representations and/or fraud is much more in this case (in excess of $3,258,000.00; in <u>Demarest</u> the amount was $65,000.00).

Finally, contrary to the Movant's baseless assertion that the Complaint's allegations are "vague, conclusory and general in nature", there can be no argument that the level of specificity in the Complaint is clearly sufficient to place the Movant on notice of the basis of the Bank's claims. The Bank's Complaint sets forth in detail (at paragraphs 23-33 and 44-54) the exact date and nature of each of the material misrepresentations made to the Bank in order to induce the Bank to disburse funds into her and/or Drake Smith's bank account. The Complaint also attaches as exhibits each of the various advance requests (and supporting documentation) that evidence the misrepresentations, and is therefore deemed to include those advance requests and supporting documentation. <u>Goldman</u>, <u>supra</u>, 754 F.2d 1059. The Movant is clearly on full and fair notice of the Bank's claims and the grounds upon which such claims rest.

Accordingly, the Bank has set forth plausible causes of action under 11 U.S.C. §523(a)(2)(A) in its first and third causes of action, and the Motion must be denied upon such grounds.

## POINT III

### THE BANK'S SECOND AND FOURTH CAUSES OF ACTION STATE PLAUSIBLE CLAIMS UNDER 11 U.S.C. §523(a)(6) AND ARE THEREFORE PROPERLY PLEAD

Movant next argues that the necessary elements of a claim under 11 U.S.C. §523(a)(6) have not been plausibly pled by the Bank, again relying upon the fact the representations were made in the first instance by Robert Howard rather than by Movant. As with the Bank's valid claims under 11 U.S.C. §523(a)(6), however, this is no defense, and the Movant's argument fails. 11 U.S.C. §523(a)(6) provides in pertinent part as follows:

§523. Exceptions to discharge

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt -
> * * *
>> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. §523(a)(6) (West 2004).

The term "willful" means deliberate or intentional, and "malicious" means wrongful and without just cause or excuse; it does not require ill will or specific intent to do harm. In re Arlington, 192 B.R. at 499 (citations omitted). "The term 'malicious' means wrongful and without just cause or excuse, even in the absence of personal hatred, spite, or ill-will." In re Stelluti, 94 F.3d 84, 87-88 (2d Cir. 1996). The Second Circuit in Stelluti held that the term "malicious" for purposes of 11 U.S.C. §523(a)(6) includes actual and constructive malice. See Id. at 87-88. "The element of malice may be found either upon a finding of actual malevolence or ill will, or upon a finding of aggravated, socially reprehensible conduct sufficient to justify an imputation of malice to the debtor." In re Blankfort, 217 B.R. 138, 146 (Bankr. S.D.N.Y. 1998). Here, the Bank has alleged in its Complaint that Movant failed to inform the bank of the false representations being made by her husband even though she knew that her husband was procuring seven figure sums of money from the Bank by the repeated use of such false representations. Although this may ultimately be a question for the trier of fact, there can be no doubt that such allegations encompass conduct which is socially reprehensible and therefore justify imputing malice to the Movant. Blankfort, supra. For purposes of a claim under 11 U.S.C. §523(a)(6), whether the debtor acted willfully and maliciously is ultimately a question of fact. In re Arlington, 192 B.R. at 499.

Moreover, although claims that a debt is nondischargeable because of the debtor's fraud are ordinarily asserted under the Bankruptcy Code provision dealing with fraud (11 U.S.C. §523(a)(2)(A)), a cause of action can be stated based upon fraud under the Bankruptcy Code provision making a debt nondischargeable for willful and malicious injury, so long as the conduct meets the willful and malicious injury test.  In re Iomazzo, 149 B.R. 767 (Bankr. D. N.J. 1993).

Furthermore, actual fraud by a party is not necessary for purposes of 11 U.S.C. §523(a)(6); if the party knew or should have known of an agent's fraud, or was recklessly indifferent to the agent's acts, they may be held liable under 11 U.S.C. §523(a)(6).  See Matter of Emporetti, 42 B.R. 814 (Bankr. W.D.Pa. 1984) (fraudulent actions of business manager imputed to debtor–owner for purposes of exception to discharge under 11 U.S.C. §523(a)(6)); see also Matter of Walker, 726 F.2d 452 (8th Cir. 1984) (if principal knew or should have known of agent's fraud, the agent's fraud will be imputed to the debtor-principal).  This has been held applicable in the case (identical to the situation in this case) of husband and wife debtors who were also business partners, where one debtor-spouse perpetrated a fraud (thus injuring the creditor) and the other debtor-spouse knew (or was recklessly indifferent to) the fraud.  In re Ramonat, 82 B.R. 714 (Bankr. E.D. Pa. 1988) (even if individual debtor wife did not have intent to injure creditor, individual debtor husband's intentions would be imputed to wife under agency theory, for purposes of statute excepting from discharge debt for willful and malicious injury by debtor to another entity or to property of another entity).

In re Dziuk, 218 B.R. 485 (Bankr. D. Minn. 1998), cited by the Movant, is clearly distinguishable on its facts from the instant case.  In Dziuk, the debtor, intending to burn down his own icehouse, caused his neighbor's residence to catch fire and sustain damage.  The

neighbor's insurer, Allstate, objected to Dziuk's discharge upon the grounds that he had caused willful and malicious injury to the property of its insured.  The bankruptcy court ruled that the debt was not excepted from discharge under 11 U.S.C. §523(a)(6), because the debtor "did not act with maliciousness in that his actions were targeted at his own property in a misguided attempt to prove his love for his girlfriend."   In re Dziuk, 218 B.R. at 488.  In this case, by contrast, the Bank alleges actions by Movant against the Bank which were specifically targeted at the Bank, specifically the money loaned by the Bank and disbursed into the Movant's and/or Drake Smith's account.   Here, the Complaint pleads in detail the elements of a fraudulent scheme of which Movant either knew, or as to which she was recklessly indifferent. Accordingly, the fraud perpetrated by her husband may be imputed to Movant.  It is therefore respectfully submitted that the Complaint more than plausibly pleads valid causes of action as against Movant pursuant to 11 U.S.C. §523(a)(6).

Finally, the Movant argues that "Plaintiff should be required to plead how Movant 'knew or should have known' of her husband's alleged fraud.  However, nowhere in her Motion does Movant deny that such fraud occurred, and in fact Robert Howard has now formally indicated he has no objection to entry of a judgment of liability only for the non-dischargeability of the debt owed to the Bank, thereby essentially admitting to the alleged fraudulent scheme consisting of his false representations as alleged in the Complaint. See Limited Objection of Robert Howard to the Motion of S&T Bank for Default Judgment (Docket No. 11, at p. 1).  However, as set forth in the following Point, discovery is necessary in order to glean all of the facts concerning the Movant's knowledge and/or reckless indifference to the fraud; this contention actually illustrates why this motion should be denied upon the grounds that discovery should take place.

**POINT IV**

### PLAINTIFF SHOULD BE AFFORDED THE OPPORTUNITY
### TO CONDUCT FULL DISCOVERY

Movant argues in Point II of her memorandum in support of the Motion that "Plaintiff should be required to plead how Movant 'knew or should have known' of her husband's alleged fraud. See Movant's Memorandum of Law, at p. 12 (Docket No. 8). This illustrates the very reason why the Motion should be denied – the Bank should be afforded discovery in order to discern what the Movant knew and/or should have known. It is also noteworthy that the Movant does not, in any manner, deny or disclaim the fraud perpetrated by her husband against the Bank; indeed, her husband has failed to contest the allegations of such fraud, instead consenting to the entry of a judgment of liability only for the non-dischargeability of the debt owed to the Bank. See Limited Objection of Robert Howard to the Motion of S&T Bank for Default Judgment (Docket No. 11, at p. 1).

Where the factual circumstances involved in a case are complicated, it is not proper to dismiss the complaint without affording the plaintiff an opportunity for full discovery. Timberlane Lumber Co. v. Bank of America, N.T. and S.A., 549 F.2d 597 (9th Cir. 1976), on remand, 574 F.Supp. 1453, affirmed 749 F.2d 1378 (9th Cir. 1984), cert. denied, 472 U.S. 1032, 105 S.Ct. 3514 (1985). Indeed, dismissal of a complaint before any discovery has taken place is even more drastic than summary judgment. Tondas v. Amateur Hockey Ass'n of U.S., 438 F.Supp.310 (W.D.N.Y. 1977). Therefore, dismissal of a complaint before any discovery has taken place, or an answer filed, is a device that must not be employed unless, taking as true the allegations pleaded, it appears beyond doubt that plaintiff can prove no set of facts in support of its claim which would entitle it to relief. Egelston v. State University College at Geneseo, 535 F.2d 752 (2d Cir. 1976).

Here, the Bank has served discovery demands upon the Howard Defendants. See Declaration of Angela Z. Miller, dated October 22, 2009, and filed concurrently with this Memorandum. The Bank should have the opportunity to obtain the full and complete responses to the outstanding demands and to conduct complete discovery to ascertain all of the applicable facts.

## POINT V

## IN THE EVENT THE COURT DETERMINES THAT SOME OR ALL OF THE CAUSES OF ACTION SHOULD BE DISMISSED, THE COURT SHOULD GRANT THE BANK LEAVE TO TIMELY REPLEAD

As detailed above, the Bank respectfully submits that dismissal of the Complaint, and/or any of the causes of action set forth therein, is not warranted, insofar as the Bank has plead plausible causes of action as against Movant under both 11 U.S.C. §523(a)(2)(A) and 11 U.S.C. §523(a)(6). Clearly, the underlying facts of the transactions at issue illustrate that the Bank has, at a minimum, plausible claims against the Movant. However, in the event that the Court were to determine that the Complaint, and/or any of the causes of action set forth therein, are subject to dismissal as currently plead, rather than outright dismissal, the Court should grant the Bank leave to timely replead.

It is well-established that leave to amend a pleading shall be freely given when justice so requires. Fed.R.Civ.Pro. 15(a). A court should not deny leave to amend unless (1) it would unduly delay the disposition of the case; (2) the movant is petitioning the court in bad faith or has a dilatory motive for advancing the motion; (3) if granted, the motion would unduly prejudice the opposing party; or (4) it can be demonstrated that the amendment would be futile. Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227 (1962). "Whether to allow an amendment rests within the sound discretion of the district court; however, the court's discretion is circumscribed by the

liberal amendment philosophy behind the rule." <u>Adams v. Gould</u>, 739 F.2d 858, 864 (3d Cir. 1984), <u>cert. denied</u>, 469 U.S. 1122 (1985). Moreover, when a motion to dismiss is granted the usual practice is to grant leave to amend the complaint. <u>Hayden v. County of Nassau</u>, 180 F.3d 42, 53 (2d Cir. 1999).

Thus, a timely motion for leave to file an amended pleading should be freely granted unless it would result in unfair prejudice to the opposing party. <u>Shafarman v. Ryder Truck Rental, Inc</u>., 100 F.R.D. 454, 458-59 (S.D.N.Y. 1984). Here, Movant has not even alleged that amendment would cause her prejudice, nor could she plausibly contend as much, since the case is its earliest stages and Movant has not even answered the Complaint.

Instead, Movant asserts that for the Court to allow ANY amendment of the Complaint would be futile, and further opines that "there is not *any* set of facts that Plaintiff could plead or prove against Movant that would cure the (alleged) pleading deficiencies." Movant's Memorandum of Law at p. 12 (Docket No. 8). However, as set forth in points II and III, <u>supra</u>, sufficient facts exist to set forth valid causes of action by the Bank as against Movant, all stemming from the fraud perpetrated by her husband, which may be imputed to the Movant by her knowledge of such fraud and her failure to disclose it to the Bank. Robert Howard's October 16, 2009 filing of his limited objection to the Bank's motion for default judgment in this adversary proceeding further substantiates that the alleged fraud in fact occurred, just as the Bank has alleged that it did. The Bank has specifically alleged in the Complaint that Movant knew of such fraud (now basically admitted by her husband) and did not disclose it to the Bank. In the event the Court were to find any technical pleading deficiencies, rather than dismiss the Complaint, the Court should grant the Bank leave to timely replead, <u>Hayden</u>, <u>supra</u>, 180 F.3d at 53, as it is clear under the facts of this case a proposed amendment would certainly be capable of

stating meritorious claims. Where a proposed amendment states a meritorious claim, such proposed amendment would not be futile. <u>Parker v. Columbia Pictures</u>, 204 F.3d 326, 339-340 (2d Cir. 2000).

Accordingly, in the event the Court determines that the Complaint, and/or any cause(s) of action set forth therein, are subject to dismissal as currently plead, rather than outright dismissal, the Court should grant the Bank leave to timely replead pursuant to Fed.R.Civ.P. 15.

**CONCLUSION**

For the foregoing reasons, the Bank respectfully requests that this Court deny the Movant's Motion to Dismiss in its entirety, and issue an order directing Movant to answer the Complaint forthwith.

Dated:      Buffalo, New York
            October 22, 2009

                                        PHILLIPS LYTLE LLP


                                        By    s/ Angela Z. Miller
                                              Angela Z. Miller (AM4473)
                                              Allan L. Hill (AH5470)
                                        437 Madison Avenue, 34th Fl.
                                        New York, New York  10022
                                        Telephone:  (212) 759-4888

                                         and
                                        3400 HSBC Center
                                        Buffalo, New York  14203
                                        Telephone:  (716) 847-8400
                                        Fax:  (716) 852-6100

                                        Attorneys for S&T Bank

Doc # 02-190934.3